IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAIIAN AIRLINES, INC.,<br><br>  Plaintiff,<br><br>  vs.<br><br>PL DUFAY AVIATION MANAGEMENT LLC, PETER L. DUFAY,<br><br>  Defendants. | CIV. NO. 20-00036 SOM-RT<br><br>FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT |

FINDINGS AND RECOMMENDATION TO GRANT
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff Hawaiian Airlines, Inc.'s Motion for Default Judgment Against Defendants PL Dufay Aviation Management LLC and Peter L. Dufay ("Motion") (ECF No. 13), filed on April 8, 2020, came on for hearing on May 21, 2020 at 10:00 a.m. before the Honorable Rom A. Trader.  Attorney Joachim P. Cox, Esq. appeared by phone on behalf of Plaintiff.  Defendants made no opposition, objection, appearance, or other communications.

After careful consideration of the Motion, record in this case, and applicable law, the Court FINDS and RECOMMENDS that the Motion be GRANTED.  The Court FINDS that under the Aircraft Charter Agreement between Plaintiff and Defendant PL Dufay Aviation Management LLC ("Dufay Aviation"), signed on May 15, 2018 and dated June 14, 2018 ("2018 Raiders Contract"), Defendants owe Plaintiff $839,820.00

which includes principal ($315,500.00) and interest ($524,320.00).  ECF No. 13-2 at p. 9.  The Court FINDS that under the Charter Flight Contract between Plaintiff and Dufay Aviation, dated June 27, 2019 ("2019 Seahawks Contract"), Defendants owe Plaintiff $1,086,875.00, which includes principal ($925,000.00) and interest ($161,875.00).  ECF No. 13-2 at p. 10.  The Court FINDS and RECOMMENDS that Plaintiff be awarded a total of $1,926,695.00 in damages.

## BACKGROUND

Plaintiff filed its complaint on January 24, 2020.  ECF NO. 1.  Plaintiff alleges that Defendants misappropriated payments made by third-party sports teams to Plaintiff for charter flight services provided by Plaintiff and brokered by Defendants.  Plaintiff states that it entered into three contracts with Dufay Aviation where Plaintiff provided charter flights to the NFL teams, the Oakland Raiders and the Seattle Seahawks.

On February 13, 2020, Plaintiff filed two Proofs of Service indicating that Defendants were each served a copy of the Complaint and Summons by a process server on that same date.  ECF Nos. 7 & 8.  Defendants failed to answer or respond to Plaintiff's Complaint.  On March 6, 2020, Plaintiff filed a Request for Entry of Default as to Defendants.  ECF No. 9.  The Clerk entered an entry of default against Defendants on March 9, 2020.  ECF No. 11.

On April 8, 2020, Plaintiff filed the present Motion requesting for default judgment against Defendants jointly and severally.  ECF No. 13.  Defendants did not file an opposition.  On May 7, 2020, Plaintiff filed a Reply Memorandum in Support of Motion for Default Judgment Against Defendants.  ECF No. 16.  Plaintiff noted that no

opposition to the Motion was filed and requested that default judgment be entered in its favor without a hearing pursuant to LR7.1.  ECF No. 16.  The Court did not elect to decide the Motion without a hearing under LR7.1(c).  As such, a hearing was held on May 21, 2020 to provide Defendants with the opportunity to appear.

## DISCUSSION

Federal Rules of Civil Procedure (Fed. R. Civ. P.) 55(b)(2) provides that the Court may enter default judgment following the Clerk's entry of default pursuant to Fed. R. Civ. P. 55(a).  A "court's decision whether to enter a default judgment is a discretionary one."  Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (citations omitted).

A.   Jurisdiction

The Court must first determine whether it has subject matter jurisdiction over this action and personal jurisdiction over the Defendants.  See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place").  The Court has subject matter jurisdiction over Plaintiff's claim pursuant to diversity jurisdiction under 28 U.S.C. § 1332.  Plaintiff is a resident of Hawaii and Delaware.  Dufay Aviation is a limited liability corporation organized and authorized to do business in Nevada.  Defendant Peter L. Dufay ("Mr. Dufay") is the sole member of Dufay Aviation and is a resident of Nevada.  Additionally, Plaintiff seeks damages in excess of $75,000.00.

Further, this Court has personal jurisdiction over the Defendants.  Personal jurisdiction can be acquired by a defendant's "minimum contacts" within the jurisdiction

such that the assertion of jurisdiction "does not offend traditional notions of fair play and substantial justice." Cripps v. Life Ins. Co. of North America, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Burnham v. Superior Court of Cal., 495 U.S. 604 (1990)); Pebble Beach Co. v Caddy, 453 F.3d 1151, 1155 (9th Cir. 2006) (citing Int'l Shoe Co. v. Wash., 326 U.S. 310, 315 (1945)).  The Ninth Circuit applies a three-part test to determine specific personal jurisdiction:  (a) did the defendant purposefully avail itself of the privilege of conducting activities in the forum state; (b) does the claim relate to the defendant's forum related activities; and (c) is the exercise of jurisdiction reasonable. See Boschetto v. Hansing, 539 F.3d 1011, 1021-22 (9th Cir. 2008) (citing Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004)).

      First, Defendants conducted business in Hawaii.  Defendants negotiated and entered into the 2018 Raiders Contract, the 2019 Master Charter Agreement, and the 2019 Seahawks Contract with Plaintiff in Hawaii.  All three contracts stated that payment is to be delivered to Plaintiff in Hawaii and that Hawaii law would apply to construction of the agreements.  When Defendants converted Plaintiff's funds, Defendants' actions harmed Plaintiff in Hawaii.

      Second, but for Defendants negotiating and entering into the contracts with Plaintiff and thereafter converting Plaintiff's funds, Plaintiff would not have suffered damages.

      Third, the exercise of personal jurisdiction here is reasonable.  To determine reasonableness, the Court balances seven factors: (1) the extent of a defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of

defending in the forum; (3) the extent of conflict with the sovereignty of the defenatn's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. Core-Vent Corp. v. Nobel Industries AB, 11 F.3d 1482, 1487 (9th Cir. 1993).  The exercise of personal jurisdiction is reasonable because Hawaii has a strong interest in protecting its citizens against conversion of nearly $2,000,000.00.  The burden on Defendants to appear in Hawaii from Nevada is minimal, particularly where they traveled to Hawaii to negotiate the contracts.  Further, Defendants purposefully directed its activities at Hawaii.

B.     Eitel Factors

Default judgment may be entered for the plaintiff if the defendant has defaulted by failing to appear and the plaintiff's claim is for a "sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1)-(2).  However, "[e]ntry of default does not entitle the non-defaulting party to a default judgment as a matter of right." In re Villegas, 132 B.R. 742, 746 (9th Cir. 1991) (citations omitted).  Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible. Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986).

In considering a motion for default judgment, courts consider the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong

5

>  policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

Id. at 1471-72 (citation omitted).  On default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)).  The Court shall address each factor.

    1.    Possibility of Prejudice

This factor considers whether Plaintiff would suffer prejudice if default judgment is not entered.  PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C. D. Cal. 2002).  Defendants' failure to answer Plaintiff's Complaint makes a decision on the merits impractical, if not impossible.  Absent entry of default judgment, Plaintiff would be without recourse for recovery.  As such, the Court FINDS that this factor weighs in favor of default judgment.

    2.    Merits of the Claim

As noted earlier, the factual allegations in the Complaint, for purposes of liability, will be taken as true.  TeleVideo Sys., Inc., 826 F.2d at 917-18 (citation omitted).  This factor requires that Plaintiff "state a claim on which [it] may recover." U.S. Equal Employment Opportunity Comm'n v. Pacific Fun Enterprises, Civ. No. 17-00482 ACK-RT, 2020 WL 406681, at *8 (D. Haw. Jan. 7, 2020), report and recommendation adopted, Civ. No. 17-00482 ACK-RT, 2020 WL 406372 (D. Haw. Jan. 23, 2020) (internal quotations, brackets, and citation omitted).

The Court FINDS that Plaintiff has sufficiently alleged facts showing that Defendants breached the contracts at issue.  "To prevail on a breach of contract claim, a

6

plaintiff must establish only (1) that a contract exists, and (2) that the defendant failed to perform as required by the contract." Nippo Tourist Inc. v. Panoke, Civ. No. 13-00332 LEK-KSC, 2014 WL 4449877, at *7 (D. Haw. Sept. 9, 2014) (citing Wyndham Vacation Resorts, Inc. v. Architects Haw. Ltd., 703 F. Supp. 2d 1051, 1062 (D. Haw. 2010)).  First, Plaintiff has alleged that it entered into the 2018 Raiders Contract, the 2019 Master Charter Agreement, and the 2019 Seahawks Contract.  Third, Plaintiff stated that it performed under all three contracts, but Defendants failed to make payments to Plaintiff as required by the contract.

The Court FINDS that Plaintiff sufficiently stated facts showing that it is entitled to judgment on its claim for conversion.  Under Hawaii law, Plaintiff "must allege lawful ownership or right to possession of property, the wrongful taking of that property, and damages."  Ferrari Fin. Servs., Inc. v. Yokoyama, Civ. No. 18-00136 JAO-RLP, 2019 WL 1466886, at *3 (D. Haw. Mar. 18, 2019), report and recommendation adopted, Civ. No. 18-00136 JAO-RLP, 2019 WL 1461899 (D. Haw. Apr. 2, 2019).  Plaintiff has alleged that it performed under the contracts and that it had a right to the payments which were contractually required to be paid by third parties to Plaintiff.  Plaintiff states that Defendants took and has wrongfully retained the payments made by the third parties.  As a result, Plaintiff has established that it suffered damages.  Accordingly, the Court FINDS that this factor favors default judgment.

### 3. Sufficiency of the Complaint

The allegations in the Complaint are sufficiently pled and supported by the documents filed with the Motion. The Court FINDS that this factor weighs in favor of default judgment.

### 4. Sum of Money at Stake

The Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1177 (citing Eitel, 782 F.2d at 1472). Plaintiff seeks a total of $1,926,695.00 in damages: $839,820.00 under the 2018 Raiders Contract, which includes principal in the amount of $315,500.00 and interest in the amount of $524,320.00 (ECF No. 13-2 at p. 9); plus $1,086,875.00 under the 2019 Seahawks Contract, which includes principal in the amount of $925,000.00 and interest in the amount of $161,875.00 (ECF No. 13-2 at p. 10). Plaintiff's damages request is tailored to Defendants' wrongful conduct in misappropriating the payments owed to Plaintiff in violation of the 2018 Raiders Contract, the 2019 Master Charter Agreement, and 2019 Seahawks Contract. Plaintiff's damages are for a sum certain. Accordingly, the Court FINDS that this factor weighs in favor of default judgment.

### 5. Likelihood of a Dispute Concerning Material Facts

Defendants were given notice and sufficient time to answer the Complaint and deny Plaintiff's allegations. Defendants have been given a fair opportunity to defend this action and have not done so. Defendants have done nothing to dispute the allegations.

Because no dispute has been raised regarding Plaintiff's material factual allegations, the Court FINDS that this factor favors default judgment.

      6.      <u>Excusable Neglect</u>

Plaintiff served Defendants with its Complaint and Summons on February 13, 2020. ECF Nos. 7 & 8. Defendants did not file a response to the Complaint. Plaintiff also served the Defendants with notice of this Motion. ECF No. 13-12. Plaintiff further represented to the Court during the May 21, 2020 hearing and filed a certificate of service showing that it served Plaintiff with a copy of this Court's Entering Order setting the hearing date and time on the present Motion. ECF Nos. 14 & 15. Despite ample notice of this lawsuit, the hearing on the Motion on May 21, 2020, and the threat of default judgment, Defendants have not defended in this matter to date. Nothing in the record suggests that Defendants' default was the result of excusable neglect, but rather due to Defendants' conscious and willful decision not to defend this action. Thus, the Court FINDS that this factor weighs in favor of default judgment.

      7.      <u>Policy Favoring Decisions on the Merits</u>

Although there is a policy of favoring decisions on the merits, the factors evaluated above strongly weigh in favor of granting default judgment. The Court FINDS that this factor does not preclude the finding that default judgment against the Defendants is appropriate.

      8.      <u>Totality of Eitel Factors</u>

The Court FINDS that six (6) out of the seven (7) <u>Eitel</u> factors weigh in favor of entering default judgment against the Defendants. Accordingly, the Court FINDS and

RECOMMENDS that the district court grant Plaintiff's default judgment against the Defendants.

## CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS that Plaintiff's Motion for Default Judgment Against Defendants PL Dufay Aviation Management LLC and Peter Dufay, filed on April 8, 2020, be GRANTED as follows:

1. Plaintiff's request for default judgment (ECF No. 13) against Defendants be GRANTED;

2. The district court enter default judgment against Defendants, jointly and severally;

3. Plaintiff be awarded total damages in the amount of $1,926,695.00: $839,820.00 under the 2018 Raiders Contract and $1,086,875.00 under the 2019 Seahawks Contract; and

4. Plaintiff be awarded its reasonable attorneys' fees and costs.

Plaintiff is directed to submit a declaration in support of its request for reasonable attorneys' fees and costs for bringing this Motion **by no later than June 1, 2020**. The format for the attorneys' fees request must be in the form required under LR54.2(f), and the description of services rendered and expenses incurred must be sufficiently clear for the Court to determine whether the requests are reasonable.

//

//

//

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, May 22, 2020.



 /s/ Rom A. Trader
Rom A. Trader
United States Magistrate Judge

_____

Civ. No. 20-00036 SOM-RT; *Hawaiian Airlines, Inc. v. PL Dufay Aviation Management LLC, et al.*; Findings and Recommendation to Grant Plaintiff's Motion for Default Judgment