IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAIIAN AIRLINES, INC., | CIV. NO. 20-00036 SOM-RT |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART HAWAIIAN AIRLINES, INC.'S MOTION FOR ATTORNEYS' FEES AND COSTS |
| PL DUFAY AVIATION MANAGEMENT LLC, PETER L. DUFAY, | |
| Defendants. | |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART
HAWAIIAN AIRLINES, INC.'S MOTION FOR ATTORNEYS' FEES AND COSTS

Before the Court is Plaintiff Hawaiian Airlines, Inc.'s ("Plaintiff") Motion for Attorneys' Fees and Costs Pursuant to HRS § 607-14 and Federal Rules of Civil Procedure Rule 54 (ECF No. 20), filed on June 1, 2020, and Plaintiff's Errata to the Motion (ECF No. 22), filed on June 8, 2020 (collectively "Motion"). Plaintiff claims it is entitled to its reasonable fees of $40,409.50 and costs of $1,022.80. The Court elects to decide the Motion without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii.

After careful review of the Motion, record in this case, and applicable law, the Court FINDS and RECOMMENDS that the Motion be GRANTED IN PART and DENIED IN PART. The Court FINDS and RECOMMENDS that Plaintiff be awarded a total of $31,219.00 in attorneys' fees for 112.7 hours or work performed and $1,022.80 in

costs.  The Court RECOMMENDS that out of the 140 hours requested, 27.3 hours should be DENIED.

BACKGROUND

Plaintiff commenced this action on January 24, 2020 by filing its Complaint against Defendants PL Dufay Aviation Management LLC ("Defendant PL Dufay") and Peter L. Dufay (collectively "Defendants").  ECF No. 1.  In its Complaint, Plaintiff alleged that Defendants misappropriated payments made by third-party sports teams for charter flight services by Plaintiff and brokered by Defendants.  Plaintiff alleged five counts against Defendants—Count I: Breach of Contract; Count II: Negligence; Count III: Conversion; Count IV: Intentional/Negligent Misrepresentation; and Count V: Unjust Enrichment.  Id.

Plaintiff properly served each Defendant a copy of the Complaint and Summons by process server on February 13, 2020.  ECF Nos. 7 & 8.  Defendants failed to answer or respond to Plaintiff's Complaint.  On March 6, 2020, Plaintiff requested for an entry of default.  ECF No. 9.  The Clerk entered an entry of default on March 9, 2020.  ECF No. 11.  On April 8, 2020, Plaintiff filed a Motion for Default Judgment Against Defendants PL Dufay Aviation Management LLC and Peter Dufay ("Motion for Default Judgment").  ECF NO. 13.  Defendants again failed to respond or defend.  Nevertheless, Plaintiff filed a Reply on May 7, 2020.  ECF No. 16.  The Motion for Default Judgment came on for a telephonic hearing on May 21, 2020.  ECF No. 19.  Defendants did not appear.  Id.  During the hearing, the Court found that default judgment should be granted and awarded Plaintiff its reasonable attorneys' fees and costs (ECF No. 19), and issued its findings and

recommendation on May 22, 2020 (ECF No. 18).  On June 8, 2020, the district judge issued its Order Adopting Magistrate Judge's Findings and Recommendation to Grant Plaintiff's Motion for Default Judgment.  ECF No. 21.

On June 1, 2020, Plaintiff filed its Motion for Attorneys' Fees and Costs.  ECF No. 20.  On June 8, 2020, Plaintiff filed an Errata to its Motion for Attorneys' Fees and Costs to correct miscalculations.  ECF No. 22.  Default Judgment was entered in favor of Plaintiff against Defendants in the amount of $1,926,695.00 on August 14, 2020.  ECF No. 23.

## DISCUSSION

The Court has subject matter jurisdiction over Plaintiff's claim pursuant to diversity jurisdiction under 28 U.S.C. § 1332.  A federal court sitting in diversity applies state law to determine whether Plaintiff is the prevailing party entitled to attorneys' fees and costs.  Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000).  In this case, Hawaii law is applicable.  Under Hawaii law, attorneys' fees cannot be awarded as damages or costs unless provided by statute, stipulation, or agreement.  Stanford Carr Dev. Corp. v. Unity House, Inc., 111 Hawaiʻi 286, 305, 141 P.3d 459, 478 (2006) (citing Weinberg v. Mauch, 78 Hawaiʻi 40, 53, 890 P.2d 277, 290 (1995)).  Plaintiff seeks an award pursuant to Haw. Rev. Stat. § 607-14, which states in relevant part:

> In all the courts, in all actions in the nature of assumpsit and in all actions on a promissory note or other contract in writing that provides for an attorney's fee, there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable; provided that the attorney representing the prevailing party shall submit to the court an affidavit stating the amount of time the attorney spent on the action and the amount of time the attorney is likely to spend to obtain a final written judgment, or, if the fee is not based

3

on an hourly rate, the amount of the agreed upon fee. The court shall then tax attorneys' fees, which the court determines to be reasonable, to be paid by the losing party; provided that this amount shall not exceed twenty-five per cent of the judgment.

Id. To award reasonable attorneys' fees under Haw. Rev. Stat. § 607-14, the Court must determine whether (1) the moving party is the prevailing party; (2) a promissory note or contract provides for attorneys' fees in writing or the action is in the nature of an assumpsit; (3) the hourly rate and fees requested are reasonable; (4) the requested costs are reasonable; and (5) the fees do not exceed twenty-five (25) percent of the judgment.

A.    Prevailing Party

Plaintiff must be the prevailing party to be entitled to its reasonable attorneys' fees under Haw. Rev. Stat. § 607-14. "[I]n general, a party in whose favor judgment is rendered by the district court is the prevailing party in that court . . . " MFD Partners v. Murphy, 9 Haw. App. 509, 514, 850 P.2d 713, 716 (1992) (citation omitted). The judgment need not result from a ruling on the merits. Ranger Ins. Co. v. Hinshaw, 103 Hawaiʻi 26, 31, 79 P.3d 119, 124 (2003) (quoting Wong v. Takeuchi, 88 Hawaiʻi 46, 49, 961 P.2d 611, 614 (1998)). In this case, default judgment was entered in Plaintiff's favor against Defendants on August 14, 2020 (ECF No. 23). As such, Plaintiff is the prevailing party in this case.

B.    Statutory and/or Contractual Provision for Attorneys' Fees

Haw. Rev. Stat. § 607-14 requires that the action be in the nature of assumpsit, on a promissory note, or on a written contract providing for attorneys' fees. In this case, Plaintiff is entitled to attorneys' fees under Haw. Rev. Stat. § 607-14 because the parties

entered into written contracts that provide for it and this case is in the nature of assumpsit.

      1.    <u>Written Contracts Provide for Plaintiff's Attorneys' Fees and Costs</u>

This case stems from Defendants' breach of two contracts, each of which included a clause providing that the prevailing party in an action to compel compliance with the contract was entitled to its reasonable attorneys' fees and costs.  The first contract is the 2018 Aircraft Charter Agreement between Plaintiff and Defendant PL Dufay to organize, market, and promote private charter services for the Oakland Raiders from August 17, 2018 to December 31, 2018 ("Raiders Contract").  The Raiders Contract includes a provision for the payment of reasonable attorneys' fees and costs.  ECF No. 13-5 § 8.10. The Raiders Contract provides in pertinent part:

> In the event of any action or proceeding to compel compliance with, or with respect to any breach of, the Agreement, **the prevailing party shall be entitled to recover all reasonable costs and reasonable expenses** of such action or proceeding including, without limitation, **its reasonable attorneys' fees and costs** incurred in connection therewith regardless of whether any formal legal action is commenced or whether such fees and costs are incurred at or in connection with trial or appellate proceedings.

<u>Id.</u>

The parties also entered into a Master Charter Agreement, effective June 26, 2019 ("2019 Master Charter Agreement").  ECF No. 13-6 at § 6.10.  Pursuant to the 2019 Master Charter Agreement, the parties entered into a Charter Flight Contract (ECF No. 13-7) relating to the Seahawks ("Seahawks Contract").  The 2019 Master Charter Agreement also provides for attorneys' fees and costs and uses the exact same language as in the Raiders Contract.  ECF No. 13-6 at § 6.10.  Accordingly, Plaintiff, as the

prevailing party, may seek its reasonable attorneys' fees and costs under Haw. Rev. Stat. § 607-14.

    2.    <u>In the Nature of an Assumpsit</u>

 "Assumpsit is a common law form of action which allows for the recovery of damages for non-performance of a contract, either express or implied, written or verbal, as well as quasi contractual obligations." <u>808 Dev., LLC v. Murakami</u>, 111 Hawaiʻi 349, 366, 141 P.3d 996, 1013 (2006) (citing <u>Blair v. Ing</u>, 96 Hawaiʻi 327, 332, 31 P.3d 184, 189 (2001)). "Whether 'assumpsit' exists so as to trigger HRS § 607-14 depends upon the 'essential character of the underlying action in the trial court.'" <u>Kamalu v. Paren, Inc.</u>, 110 Hawaiʻi 269, 275, 132 P.3d 378, 384 (2006) (citing <u>Leslie v. Estate of Tavares</u>, 93 Hawaiʻi 1, 4, 994 P.2d 1047, 1050-51 (2000)). "The character of the action should be determined from the facts and issues raised in the complaint, the nature of the entire grievance, and the relief sought." <u>Blair</u>, 96 Hawaiʻi at 332, 31 P.3d at 189 (citing <u>Helfand v. Gerson</u>, 105 F.3d 530, 537 (9th Cir. 1997)).

    "In deciding whether to award fees under HRS § 607-14, the court must determine the nature of the lawsuit where both assumpsit and non-assumpsit claims are asserted in an action." <u>TSA Intern. Ltd. V. Shimizu Corp.</u>, 92 Hawaiʻi 243, 264, 990 P.2d 713, 734 (1999) (citing <u>Schulz v. Honsador</u>, 67 Haw. 433, 436, 690 P.2d 279, 282 (1984)). The Court shall address each of Plaintiff's claims.

    a.    <u>Count I: Breach of Contract</u>

    Plaintiff's breach of contract claim is in the nature of assumpsit for purposes of Haw. Rev. Stat. § 607-14. <u>See</u> <u>Helfand</u>, 105 F.3d at 537 (citing <u>S. Utsunomiya Enters.,</u>

Inc. v. Moomuku Country Club, 76 Hawaiʻi 396, 400, 879 P.2d 501, 505 (1994); Schulz, 67 Haw. at 436, 690 P.2d at 282).

   b.  Count II:  Negligence

Plaintiff's claim for negligence sounds in tort.  See Helfand, 105 F.3d at 537.

   c.  Count III:  Conversion

Plaintiff's conversion claim sounds in tort and is not in the nature of assumpsit. BlueEarth Biofuels, LLC v. Hawaiian Elec. Co., Inc., Civ. No. 09-00181 LEK-KSC, 2015 WL 881577, at *8 (D. Haw. Feb. 27, 2015) (citing Hough v. Pac. Ins. Co., 83 Hawaiʻi 457, 468, 927 P.2d 858, 869 (1996)).

   d.  Count IV:  Intentional/Negligent Misrepresentation

Both "intentional or negligent misrepresentation and fraud claim is based in tort and therefore not in the nature of assumpsit."  Au v. Funding Grp., Inc., 933 F. Supp. 2d 1264, 1271 (D. Haw. 2013) (citing Laeroc Waikiki Parkside, LLC v. K.S.K. (Oahu) Ltd. P'ship, 115 Hawaiʻi 201, 228, 166 P.3d 961, 988 (2007); Kohala Agric. V. Deloitte & Touche, 86 Hawaiʻi 301, 304, 949 P.2d 141, 144 (Haw. Ct. App. 1997)).

   e.  Count V:  Unjust Enrichment

Plaintiff's unjust enrichment claim is in the nature of assumpsit for purposes of Haw. Rev. Stat. § 607-14.  See BlueEarth Biofuels, LLC, 2015 WL 881577, at *8 (citing Hong v. Kong, 5 Haw. App. 174, 182, 683 P.2d 833, 841 (1984)).

   f.  Apportionment Between Assumpsit and Nonassumpsit Claims

The Court has found that two (2) out of the five (5) claims in the Complaint are in the nature of assumpsit.  However, all claims are based on the same operative facts,

which are all related to Plaintiff's breach of contract claim. "[W]here there is doubt as to whether an action is in assumpsit or in tort, there is a presumption that the suit is in assumpsit." Blair v. Ing, 96 Hawaiʻi 327, 31 P.3d 184 (2001) (citing Leslie v. Estate of Tavares, 93 Hawaiʻi 1, 6, 994 P.2d 1047, 1052 (2000)) (other citations omitted). Looking at the entire pleading, the nature of the claims, and the relief sought, it appears that Plaintiff's tort claims are irrefutably linked to and derived from Plaintiff's breach of contract claim. The Court thus finds that the essential character of this case is in assumpsit. "Further, a plaintiff's prayer for attorney fees is a significant indication that the action is in assumpsit." Helfand, 105 F.3d at 537 (citing Healy-Tibbits Constr. Co. v. Hawaiian Indep. Refinery, Inc., 673 F.2d 284, 286 (9th Cir. 1982)). Plaintiff indeed requests "an award of attorneys' fees and costs in [its] favor and against Defendants" in its Complaint. ECF No. 1 at p. 12.

Next, if practicable, the court must apportion the fees claimed between assumpsit and non-assumpsit claims. Blair, 96 Hawaiʻi at 332, 31 P.3d at 189 (citing TSA Int'l Ltd. V. Shimizu Corp., 92 Hawaiʻi 243, 264, 990 P.2d 713, 734 (1999)). However, because the tort and assumpsit claims are linked, the hours billed are not directed at any specific claims and relate to the action as a whole. Thus, apportionment would be difficult, if not impossible, as the claims are inextricably intertwined. As such, the Court declines to apportion the fees between the assumpsit and tort claims.

C.    Reasonable Attorneys' Fees and Costs

The Court now turns to the reasonableness of the attorneys' fees and costs. Below is a summary of fees, costs, and hourly rates requested by Plaintiff.

8

| Timekeeper | Rate | Hours | Total Requested |
|---|---|---|---|
| Joachim Cox | $320.00 | 51.9 | $16,608.00 |
| Abigail Holden | $310.00 | 47.7 | $14,787.00 |
| Christine Terada | $220.00 | 26.8 | $5,896.00 |
| Kamala Haake | $220.00 | 1.5 | $330.00 |
| Paralegals | $145.00 | 12.1 | $1,754.50 |
| | Total Fees | 140.0 | $39,375.50 |
| | Total Costs | | $1,022.80 |
| | Total Fees & Costs | | $40,398.30 |

1.    Reasonable Attorneys' Fees

Hawaii courts calculate the reasonableness of attorneys' fees using a method

nearly identical to the traditional "lodestar" calculation, which multiplies (1) the number

of hours reasonably expended by (2) a reasonable hourly rate.  Hensley v. Eckerhart, 461

U.S. 424, 433 (1983); Sheehan v. Centex Homes, 853 F. Supp. 2d 1031, 1041 (D. Haw.

2011) (citing DFS Group L.P. v. Paiea Props., 110 Hawaiʻi 217, 222, 131 P.3d 500, 505

(2006); Schefke v. Reliable Collection Agency, Ltd., 96 Hawaiʻi 408, 446, 32 P.3d 52, 90

(2001).

The lodestar amount may also be adjusted based on an evaluation of the following

factors, which have not been subsumed in the lodestar calculation:

(1) the time and labor required, the novelty and difficulty of the questions
involved and the skill requisite properly to conduct the cause;

(2) whether the acceptance of employment in the particular case will
preclude the lawyer's appearance for others in cases likely to arise out of
the transaction, and in which there is a reasonable expectation that
otherwise he would be employed, or will involve the loss of other
employment while employed in the particular case or antagonisms with
other clients;

(3) the customary charges of the Bar for similar services;

(4) the amount involved in the controversy and the benefits resulting to the
client from the services;

9

(5) the contingency or the certainty of the compensation; and

(6) the character of the employment, whether casual or for an established and constant client.

Sheehan v. Centex Homes, 853 F. Supp. 2d 1031, 1041 (D. Haw. 2011) (citing Chun v. Bd. Of Trs. Of Emps.' Ret. Sys. Of Haw. ("Chun II"), 106 Hawaiʻi 416, 435, 106 P.3d 398, 358 (2005) (citations omitted). There is a strong presumption that the lodestar amount calculated is reasonable. See Schefke, 96 Hawaiʻi at 443, 32 P.3d at 87, n .72; (citing City of Burlington v. Dague, 505 U.S. 557, 562 (1992)).

a.    Reasonable Hourly Rate

The Court must determine whether the hourly rates requested for Plaintiff's attorneys and paralegals are reasonable. "Hawaii courts consider the reasonable hourly rate in a manner virtually identical to the traditional lodestar formulation, and some Hawaii state courts have considered federal law in determining a reasonable hourly rate." Sheehan, 853 F. Supp. 2d at 1042 (citing County of Haw. v. C & J Coupe Family Ltd. P'ship, 120 Hawaiʻi 400, 407, 208 P.3d 713, 720 (2009); Blum v. Stenson, 465 U.S. 886, 895 (1984)). This Court finds that federal case law regarding the determination of a reasonable hourly rate is instructive in this case. See Sheehan, 853 F. Supp. 2d at 1042.

The reasonable hourly rate is determined by assessing the prevailing market rate in the relevant community for similar work performed by attorneys of comparable skill, experience, and reputation. Roberts v. City of Honolulu, 938 F.3d 1020, 1023 (9th Cir. 2019) (citing Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 980 (9th Cir. 2008)); Webb v. Ada County, 285 F.3d 829, 840 (9th Cir. 2002); Chalmers v. City of Los Angeles, 796

F.2d 1205, 1210-11 (9th Cir. 1986)).  The relevant community is the forum in which the district court sits.  Camacho, 523 F.3d at 979 (citing Barjon v. Dalton, 132 F.3d 496, 500 (9th Cir. 1997)).  In this case, the relevant community is the District of Hawaii.

"It is the responsibility of the attorney seeking fees to submit evidence to support the requested hourly rate."  Roberts, 938 F.3d at 1024 (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)) (Camacho, 523 F.3d at 980).  "The burden is on the fee applicant 'to produce satisfactory evidence' of the prevailing market rates."  Sam K. ex rel. Diane C. v. Hawaii Dept. of Educ., 788 F.3d 1033, 1041 (9th Cir. 2015) (citing Blum, 465 U.S. at 895).  In addition to their own statements, attorneys are required to submit additional evidence that the rate charged is reasonable.  Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).  See also Camacho, 523 F.3d at 980 ("To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation").

Plaintiff requests the following hourly rates for each attorney and paralegal:

| Timekeeper | Rate |
|---|---|
| Joachim Cox | $320 |
| Abigail Holden | $310 |
| Christine Terada | $220 |
| Kamala Haake | $220 |
| Paralegals | $145 |

Plaintiff's provides Mr. Joachim Cox's declaration in support Plaintiff's requested hourly rates.

(i)    Joachim Cox, Esq.'s Hourly Rate: $320.00

Plaintiff seeks an hourly rate of $320 for work performed by Joachim Cox, Esq., a partner with the law firm Cox Fricke LLP.  Mr. Cox's law degree is from the University of Colorado School of Law in 1997.  Mr. Cox has been practicing law since 1997.  He was a defense counsel in the United States Navy Judge Advocate General's Corps and Special Assistant United States Attorney in the District of Hawaii.  Later, he was a partner with Goodsill Anderson Quinn & Stifel LLP ("Goodsill").   Mr. Cox has been recognized by the Chambers & Partners USA, Benchmark Litigation, Super Lawyers, and The Best Lawyers in America.  Mr. Cox's usual and customary hourly rate is $560.00, but discounts his rate to $320.00 due to his prior working relationship with Hawaiian Airlines.

The Court is well aware of the rates awarded in this district and finds that $320.00 is a reasonable hourly rate for Mr. Cox.  See Roberts, 938 F.3d at 1023; Ingram v. Oroudjian, 647 F.3d 925, 928 (9th Cir. 2011) (the Ninth Circuit held that district court did not abuse its discretion by relying on its own knowledge and experience to determine the reasonable hourly rate for attorneys' fees); Sam K., 788 F.3d at 1041 ("[d]istrict courts may also use their 'own knowledge of customary rates and their experience concerning reasonable and proper fees.'")).  See also Barranco v. 3D Sys. Corp., Civ. No. 13-00412 LEK-RLP, 2014 WL 12650678, at *1 (D. Haw. Sept. 3, 2014) (the hourly rate for Mr. Cox at $280.00 was considered reasonable).

(ii)   Abigail Holden, Esq.'s Hourly Rate: $290.00

The hourly rate requested for Abigail Holden, a partner at Cox Fricke LLP, is

$310.00.  Ms. Holden graduated from the University of Hawaii, William S. Richardson

School of Law.  She served as law clerk to Chief Justice Ronald T. Moon of the Hawaii

Supreme Court.  Ms. Holden has practiced law since 2007.  She was a former associate at

Goodsill.  She is listed in Best Lawyers, Super Lawyers Rising Stars, and Chambers and

Partners.  Ordinarily, Ms. Holden's hourly rate is $445.00; however, Ms. Holden's rate is

discounted to $310.00 due to Cox Fricke LLP's prior working relationship with Hawaiian

Airlines.

"District Courts may also use their 'own knowledge of customary rates and their

experience concerning reasonable and proper fees.'"  Sam K., 788 F.3d at 1041 (citing

Ingram v. Oroudjian, 647 F.3d 925, 928 (9th Cir. 2011)).  Based on this Court's

knowledge of the prevailing rates in the legal community for work in similar cases, the

Court FINDS that the hourly rate of $290.00 for work performed by Ms. Holden is

reasonable.

(iii)   Christine Terada, Esq. and Kamala Haake, Esq.'s Hourly Rate:
        $220.00

Plaintiff requests an hourly rate of $220.00 for work performed by Christine

Terada, Esq.  Ms. Terada received her law degree from Northwestern University School

of Law.  She is counsel with Cox Fricke LLP and has practiced law since 2012.  Ms.

Terada practiced at Goodsill as an associate and has been recognized as a Rising Star on

the Super Lawyers list.  Ms. Terada's usual and customary hourly rate is $390.00.

13

Similar to the other attorneys, Ms. Terada's hourly rate is reduced because of Cox Fricke LLP's prior working relationship with Hawaiian Airlines.

Plaintiff also requests $220.00 per hour for work completed by Kamala Haake, Esq., who is counsel with Cox Fricke LLP.  Ms. Haake received her law degree from Cornell Law School.  She has practiced law since 2006.  Prior to working at Cox Fricke LLP, Ms. Haake worked as an associate at Winston & Strawn LLP in Los Angeles, California.   Ms. Haake has been recognized as a Rising Star with Super Lawyers.  Ordinarily, Ms. Haake's rate is $390.00 per hour, but similar to the others, her rate has been discounted.

The Court is well aware of the prevailing rates in the community for similar services performed by attorneys of comparable experience, skill, and reputation.  Based on the Court's knowledge of the prevailing rates, the Court finds that the requested hourly rate of $220.00 is reasonable for work performed by Ms. Terada and Ms. Haake.

> (iv)  <u>Paralegals Joanne Dougherty and Nancy Farris' Hourly Rate:</u>
>
> <u>$130.00</u>

Plaintiff requests fees for two paralegals: Joanne Dougherty, with 20 years of experience as a paralegal and 30 years experience in the legal services profession, and Nancy Farris, with 4 years of paralegal experience and over 30 years experience in the legal services profession.  Their usual rate is customarily $170.00 an hour, but due to Cox Fricke LLP's prior working relationship with Hawaiian Airlines, their rate has been discounted to $145.00.  Hawaii allows a request for attorneys' fees to "include compensation for separately billed legal services performed by a paralegal, legal

assistant, or law clerk[.]"  Blair v. Ing., 96 Hawaiʻi 327, 334, 31 P.3d 184, 191 (2001).

The Court finds that $130.00 is reasonable based on the rates generally awarded for

paralegal work in this community.  See Adon Constr. Inc. v. Renesola Am. Inc., Civ. No.

16-00568 JAO-WRP, 2019 WL 5198176, at *7 (D. Haw. Sept. 26, 2019), report and

recommendation adopted, Civ. No. 16-00568 JAO-WRP, 2019 WL 5196376 (D. Haw.

Oct. 15, 2019) (an hourly rate of $120.00 for paralegal fees was deemed reasonable for a

paralegal with 29 years experience); Sanact, Inc. v. US Pipelining LLC, Civ. No. 16-

00377 HG-RLP, 2018 WL 4737227, at *2 (D. Haw. Sept. 10, 2018), report and

recommendation adopted, Civ. No. 16-00377 HG-RLP, 2018 WL 4704029 (D. Haw. Oct.

1, 2018) (paralegals awarded the hourly rates of $120.00 and $130.00).

> b.    Hours Reasonably Expended

The Court now turns to whether the fees requested are reasonably necessary to

achieve the results obtained.  Barranco v. 3D Sys. Corp., Civ. No. 13-00412 LEK-RLP,

2014 WL 12650678, at *1 (D. Haw. Sept. 3, 2014) (citing Tirona v. State Farm Mut.

Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993).  For the same reasons discussed

above, the Court finds that federal case law is instructive to determining the reasonable

hours expended in this case.  See Sheehan v. Centex Homes, 853 F. Supp. 2d 1031, 1043

(D. Haw. 2011).  A prevailing party seeking attorneys' fees bears the burden of

documenting the appropriate hours expended in litigation and must submit evidence in

support of those hours worked.  Hensley, 461 U.S. at 433; Gates v. Deukmejian, 987 F.2d

1392, 1397 (9th Cir. 1992).  Plaintiff requests a total of $39,375.50 for 140 hours of work

performed by its attorneys and paralegals:

| Timekeeper | Rate[1] | Hours | Total Requested |
|---|---|---|---|
| Joachim Cox | $320.00 | 51.9 | $16,608.00 |
| Abigail Holden | $310.00 | 47.7 | $14,787.00 |
| Christine Terada | $220.00 | 26.8 | $5,896.00 |
| Kamala Haake | $220.00 | 1.5 | $330.00 |
| Paralegals | $145.00 | 12.1 | $1,754.50 |
| | Total Fees | 140.0 | $39,375.50 |
| | Total Costs | | $1,022.80 |
| | Total Fees & Costs | | $40,398.30 |

The Court must guard against awarding fees that are excessive, duplicative, or unnecessary.  Barranco, 2014 WL 12650678, at *1 (citing Tirona, 821 F. Supp. at 637).  After careful review of the work performed in this case, the Court finds it appropriate to reduce the total attorneys' fees by 27.3 hours as excessive and unreasonable.

        (i)    Double Billing

Generally, "two professionals cannot bill for attending the same meeting." OneWest Bank, FSB v. Farrar, Civ. No. 12-00108 ACK-KSC, 2014 WL 1326590, at *1 n. 1 (D. Haw. Mar. 10, 2014), report and recommendation adopted as modified, Civ. No. 12-00108 ACK-KSC, 2014 WL 1326602 (D. Haw. Mar. 31, 2014) (citing Brandon E. v. Dep't of Educ., State of Hawaii, Civ. No. 07-00536 ACK-LEK, 2008 WL 4602533, at *3 (D. Haw. Oct. 16, 2008)).  The Court deducts duplicative time billed from the lowest billing attorney.  Id.   In this case, Mr. Cox and Ms. Holden appeared to have billed for the same telephone conference:

| Date | Timekeeper | Hours | Description |
|---|---|---|---|
| 11/25/19 | Abigail Holden | 0.3 | Phone call with J. Lee regarding initial analysis of Dufay contract and steps to recover funds. |

---

[1] The chart uses Plaintiff's requested hourly rate and was not corrected to reflect the hourly rates the Court previously determined reasonable.  The recalculated amount using the reasonable hourly rates will follow once the hours reasonably expended are determined.

| 11/25/19 | Joachim Cox | 0.3 | Teleconference with J. Lee regarding initial analysis of contracts and plan to proceed. |
|----------|-------------|-----|----------------------------------------------------------------------------------------|

The date, amount of time, party to the call (J. Lee), and summary of the discussion indicates that Mr. Cox and Ms. Holden were on the same telephone conference. Accordingly, the Court reduces Ms. Holden's time by 0.3 hours.

(ii)  Excessive Billing

"The district court may reduce the amount of requested fees . . . to deduct those hours the court deems excessive . . . " Ryan v. Editions Ltd. West, Inc., 786 F.3d 754, 763 (9th Cir. 2015) (citing Moreno, 534 F.3d 1106, 1112 (9th Cir. 2008). "However, the district court must provide an adequate explanation for its fee calculation." Id. (citing Hensley, 461 U.S. at 437). Beginning on March 9, 2020, counsel and paralegals have expended 72.1 hours[2] to prepare, research, draft, and communicate with their client regarding Plaintiff's Motion for Default Judgment and the attached declarations. ECF No. 13.  The Motion for Default Judgment and memorandum in support are 33 pages. The attached declarations are 15 pages.  The remaining portions are the exhibits and certificate of service.  The Court cannot find that the 72.1 hours expended on preparing the Motion for Default Judgment are reasonable.  Upon reviewing the hours expended on

---

[2] The 72.1 hours were calculated by adding all work performed beginning on 3/9/20 and ending on 4/8/20, but excluding Ms. Farris' 0.1 hour "Telephone call to Judge's clerk re approval of entry of default" on 3/9/20; Mr. Cox's 0.6 hour "Work on issues related to submission of fees and costs and plan to proceed with same" on 4/7/20; and three billing entries by Ms. Dougherty on 4/8/20: (1) 1.0 hour "Draft[ing] Table of Contents and Table of Authorities for Memo in Support of Motion for Default Judgment," (2) 0.5 hour "Import, upload and file Motion for Default Judgment via USDC ECF portal," and (3) 0.5 hour "Work on service of Motion for Default Judgment to PL Dufay Aviation and Peter Dufay."  ECF No. 20-3.

the Motion for Default Judgment, the Court elects to reduce the hours billed by 19.5

hours as excessive on the following entries:

| Timekeeper | Date | Hours Billed | Hours Reduced | Description |
|---|---|---|---|---|
| Joachim Cox | 04/06/20 | 0.8 | 0.4 | Work on draft of motion for default judgment (issues related to personal jurisdiction and calculation of damages). |
| | 04/07/20 | 2.4 | 1.4 | Work on motion for default judgment. |
| | 04/08/20 | 2.7 | 1.2 | Work on motion for default judgment. |
| | 04/08/20 | 0.9 | 0.4 | Work on exhibits and declaration in support of motion for default judgment. |
| **Total Hours Reduced:** | | | **3.4** | |
| Abigail Holden | 04/03/20 | 1.5 | 0.5 | Edit/revise Motion for Entry of Default Judgment. |
| | 04/06/20 | 4.8 | 2.4 | Edit/revise motion for default judgment to include more background facts/details regarding breach of contract. |
| | 04/06/20 | 2.0 | 1.0 | Draft/revise Motion for Default Judgment addressing issues of personal jurisdiction. |
| | 04/07/20 | 1.7 | 0.7 | Draft/revise Motion for Default Judgment addressing issues of personal jurisdiction. |
| | 04/07/20 | 4.4 | 2.2 | Further edit/revise motion for default judgment. |
| | 04/08/20 | 5.1 | 2.6 | Work on finalizing/filing Motion for Default Judgment. |
| **Total Hours Reduced:** | | | **9.4** | |
| Christina Terada | 03/12/20 | 2.5 | 1.5 | Regarding motion for default judgment, analyze case law regarding attorneys' fees and costs, and draft argument regarding same. |
| | 04/06/20 | 4.3 | 2.3 | Analyze case law regarding application of contractual interest rate in support of motion for default judgment and enforcement of interest rate provided in the agreements. |
| | 04/07/20 | 1.7 | 1.0 | Analyze case law regarding application of contractual interest rate in support of motion for default judgment and enforcement of interest rate provided in the agreements. |
| | 04/08/20 | 1.4 | 0.9 | Review and analyze case law regarding minimum contacts and jurisdiction over Defendants for motion for default judgment. |
| **Total Hours Reduced:** | | | **5.7** | |

| Joanne Dougherty | 04/08/20 | 1.0 | 1.0 | Revise Motion for Default Judgment, Memo in Support and Declaration of J. Cox. |
|---|---|---|---|---|
| | **Total Hours Reduced:** | | **1.0** | |

(iii)  <u>Clerical or Ministerial Tasks</u>

"[C]lerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate."  <u>Nicholas M. ex rel. Laura M. v. Dep't of Educ., Hawaii</u>, Civ. No. 09-00162 HG-LEK, 2010 WL 234862, at *5 (D. Haw. Jan. 21, 2010).  Preparing documents for filing and filing documents with the Court are clerical and noncompensable.  <u>OneWest Bank, FSB</u>, 2014 WL 1326590, at *1 n. 2, <u>report and recommendation adopted as modified,</u> Civ. No. 12-00108 ACK, 2014 WL 1326602 (D. Haw. Mar. 31, 2014) (citing <u>Haw. Motorsports Inv., Inc. v. Clayton Group Servs., Inc.,</u> Civ. No. 09-00304 SOM-BMK, 2010 WL 4974867, at *5 (D. Haw. Dec. 1, 2010), <u>adopted by Haw. Motorsports Inv. Inc. v. Clayton Group Servs.,</u> Civ. No. 09-00304 SOM-BMK, 2010 WL 5395669 (D. Haw. Dec. 22, 2010)).

Work performed on a table of authorities are also considered ministerial and are noncompensable.  <u>OneWest Bank, FSB</u>, 2014 WL 1326590, at *1 n. 2 (citing <u>Yamada v. Weaver,</u> Civ. No. 10-00497 JMS-RLP, 2012 WL 6019121 (D. Haw. Nov. 30, 2020)).  Further, "coordinating service of documents; and formatting or printing documents; reviewing court-generated notices; notifying clients of court hearings; communications with court staff; scheduling; and corresponding regarding deadlines" are all examples of clerical work.  <u>Hawaii Def. Found. v. City & Cty. of Honolulu</u>, Civ. No. 12-00469 JMS-RLP, 2014 WL 2804445, at *8 (D. Haw. Apr. 22, 2014), <u>report and recommendation adopted as modified,</u> Civ. No. 12-00469 JMS, 2014 WL 2804448 (D. Haw. June 19,

19

2014) (citing <u>Ko Olina Dev., LLC v. Centex Homes</u>, Civ. No. 09–00272 DAE–LEK,

2011 WL 1235548, at *12 (D. Haw. Mar. 29, 2011)).  The Court finds that the following

entries are clerical and reduces Plaintiff's requested attorneys' fees by 7.5 hours:

| Timekeeper | Date | Hours Billed | Hours Reduced | Description |
|---|---|---|---|---|
| **Joachim Cox** | 01/31/20 | 0.1 | 0.1 | Email to opposing counsel regarding status of accepting service of complaint. |
| | 01/31/20 | 0.1 | 0.1 | Emails to/from client regarding status of serving complaint. |
| | 01/31/20 | 0.2 | 0.2 | Work on plan for service of complaint. |
| | 02/01/20 | 0.1 | 0.1 | Email from opposing counsel regarding request to accept service on behalf of defendants. |
| | 02/03/20 | 0.2 | 0.2 | Work on service of complaint in Nevada. |
| | 02/06/20 | 0.4 | 0.4 | Work on status of service of complaint upon defendants, and issues related to improper address listed by defendant with Nevada. |
| | 02/07/20 | 0.4 | 0.4 | Teleconference with opposing counsel regarding status of Dufay allowing counsel to accept service and issues related to contact information for defendants. |
| | 02/07/20 | 0.7 | 0.7 | Emails to client regarding status of service, calls with opposing counsel regarding status of Dufay allowing counsel to accept service or providing proper contact information for defendants, and status update related to case proceedings. |
| | 02/12/20 | 0.4 | 0.4 | Emails from/to J. Alverez (process server) related to issues serving defendants and plan to coordinate the same. |
| | 02/13/20 | 0.3 | 0.3 | Email to/from process server related to need for personal service upon defendants and completion of the same. |
| | 02/13/20 | 0.2 | 0.2 | Email to client regarding update related to personal service upon defendants has been completed, and plan to proceed with litigation. |
| | 02/26/20 | 0.2 | 0.2 | Emails from/to opposing counsel regarding service of complaint upon defendants, and deadline to respond. |
| | 04/09/20 | 0.2 | 0.2 | Emails to/from client regarding hearing date and plan to proceed. |
| **Total Hours Reduced:** | | | **3.5** | |
| **Abigail Holden** | 01/31/20 | 0.1 | 0.1 | Strategize re service of complaint and summons. |
| | 02/04/20 | 0.1 | 0.1 | Review/analyze email from Z. Larson re accepting service for P. Dufay. |

| | | | | |
|---|---|---|---|---|
| | 02/13/20 | 0.2 | 0.2 | Work on issues regarding service of P. Dufay. |
| | 04/09/20 | 0.2 | 0.2 | Strategize/plan for court order setting hearing on Motion for Default Judgment. |
| **Total Hours Reduced:** | | | **0.6** | |

| | | | | |
|---|---|---|---|---|
| **Joanne Dougherty** | 01/31/20 | 0.1 | 0.1 | Email to CLSS re service of complaint on Dufay. |
| | 01/31/20 | 0.1 | 0.1 | Search State of Nevada Business Registration for Information/address for service of complaint on Dufay Aviation Management LLC. |
| | 02/03/20 | 0.1 | 0.1 | Email to CLSS re status on service of Complaint on Dufay. |
| | 02/06/20 | 0.1 | 0.1 | Review client documents for different address for Dufay for service of Complaint. |
| | 02/07/20 | 0.1 | 0.1 | Email to CLSS re residence address for service of Complaint on Dufay. |
| | 04/08/20 | 1.0 | 1.0 | Draft Table of Contents and Table of Authorities for Memo in Support of Motion for Default Judgment. |
| | 04/08/20 | 0.5 | 0.5 | Import, upload and file Motion for Default Judgment via USDC ECF portal. |
| | 04/08/20 | 0.5 | 0.5 | Work on service of Motion for Default Judgment to PL Dufay Aviation and Peter Dufay. |
| | 04/09/20 | 0.5 | 0.5 | Draft Certificate of Service re Notice of Hearing of Motion for Default Judgment to Peter Dufay and PL Dufay Aviation Management. |
| **Total Hours Reduced:** | | | **3.0** | |

| | | | | |
|---|---|---|---|---|
| **Nancy Farris** | 02/13/20 | 0.2 | 0.2 | Telephone calls to and from John/CLSS re issues concerning service on Dufay. |
| | 02/13/20 | 0.2 | 0.2 | Review FRCP Rule 4 and obtain Nevada statute re service of Complaint pursuant to FRCP Rule 4. |
| **Total Hours Reduced:** | | | **0.4** | |

(iv)  <u>Total Lodestar Award</u>

The Court shall now calculate the total reasonable attorneys' fees using the

lodestar calculation by multiplying the number of hours reasonably expended by the

reasonable hourly rate as illustrated below:

| Timekeeper | Rate | Hours | Total Requested |
|---|---|---|---|
| Joachim Cox | $320.00 | 45.0 | $14,400.00 |
| Abigail Holden | $290.00 | 37.4 | $10,846.00 |
| Christine Terada | $220.00 | 21.1 | $4,642.00 |
| Kamala Haake | $220.00 | 1.5 | $330.00 |
| Paralegals | $130.00 | 7.7 | $1,001.00 |
| | **Total Fees** | 112.7 | $31,219.00 |

The Court finds that $31,219.00 is the total amount of reasonable attorneys' fees for 112.7 hours or work performed by Plaintiff's attorneys and paralegals.  The Court notes that based on its knowledge and experience, Plaintiff's total amount of attorneys' fees appear to be higher than the amount ordinarily awarded in unopposed cases resulting in default judgment.  Upon closely reviewing the attorneys' fees submitted, the Court finds that the work performed is reasonable given the extensive communication and efforts involved in Plaintiff's attempt to resolve this case prior to obtaining default judgment.

2.    Reasonable Costs

The Court next turns to Plaintiff's requested costs.  Haw. Rev. Stat. § 607-14 does not expressly authorize an award of non-taxable costs in addition to attorneys' fees.  However, Hawaii courts have awarded non-taxable costs pursuant to Haw. Rev. Stat. § 607-14, and the Raiders Contract and 2019 Master Charter Agreement (Seahawks Contract) allow for the collection of costs.  See BlueEarth Biofuels, LLC v. Hawaiian Elec. Co., Inc., Civ. No. 09-00181 LEK-KSC, 2015 WL 881577, at *20 (D. Haw. Feb. 27, 2015).  Plaintiff requests costs in the amount of $1,022.80 for postage, filing fees, service of process, and copying costs as follows:

| Date | Cost Description | Amt. |
|---|---|---|
| 11/27/19 | Postage (letter to Zacharia Larson by certified mail) | $6.80 |
| 12/20/19 | Postage (letter to Z. Larson with letter and draft Complaint sent by certified mail) | $7.10 |

| 01/24/20 | Filing Fee (Complaint) | $400.00 |
|---|---|---|
| 02/20/20 | CLSS Online, Inc. invoice 5982 (service of Complaint on Peter Dufay) | $169.50 |
| 02/20/20 | CLSS Online, Inc. invoice 5981 (service of Complaint on PL Dufay Aviation Management LLC) | $384.00 |
| 04/08/20 | Postage (Motion for Default Judgment mailed to Peter Dufay and PL Dufay Aviation Management) | $14.30 |
| 04/08/20 | Copy cost (Motion for Default Judgment to Peter Dufay and PL Dufay Aviation Management (274 pages at .15 per page) | $41.10 |
| | **Total Costs** | $1,022.80 |

The Court agrees with Plaintiff and finds that these costs are all expressly permitted under 28 U.S.C.A. § 1920, Fed. R. Civ. P. 54(d)(1), and LR54.1. As such, the Court finds these costs are reasonable and recommends that costs in the amount of $1,022.80 be awarded.

D.    Twenty-Five Percent Limitation on Fees

Haw. Rev. Stat. 607-14 limits the amount of attorneys' fees awarded to "twenty-five [25] per cent of the judgment." In this case, Plaintiff obtained default judgment in the amount of $1,926,695.00. ECF No. 23. Twenty-five percent of that amount equals $481,673.80. The total attorneys' fees award of $31,219.00 does not exceed and is far less than $481,673.80.

CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS that the district court GRANT IN PART and DENY IN PART Plaintiff's Motion for Attorneys' Fees and Costs. The Court RECOMMENDS that the district judge award Plaintiff $31,219.00 in reasonable attorneys' fees for 112.7 hours of work performed by its attorneys and paralegals in this case, and deny 27.3 hours as excessive. The Court also FINDS that Plaintiff should be awarded $1,022.80 in costs. Thus, the total amount of

attorneys' fees and costs that Plaintiff should be awarded is $32,241.80 against

Defendants, jointly and severally.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, August 31, 2020.



/s/ Rom A. Trader
Rom A. Trader
United States Magistrate Judge

Civ. No. 20-00036 SOM-RT; *Hawaiian Airlines, Inc. v. PL Dufay Aviation Management LLC, et al.*; Findings and Recommendation to Grant in Part and Deny in Part Hawaiian Airlines, Inc.'s Motion for Attorneys' Fees and Costs